SARAH E. HARVEY *vs.* CITY OF MALDEN.

Middlesex.   January 18, 19, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence*, On highway, Contributory.   *Way.*

A woman on a bicycle, who riding on the half of a city street which is open to travel while the other half is being excavated by a street railway company in laying a track, and seeing a furniture wagon with an overhanging load approaching attempts to pass between the wagon and the excavation and to avoid being struck by the load finds herself obliged to turn toward the excavation and falls into it, cannot be found to be in the exercise of due care so as to enable her to maintain an action against the city for injuries thus sustained, even if the absence of a barrier to guard the excavation constituted a defect in the highway.

MORTON, J.   This is an action of tort to recover damages for injuries sustained by the plaintiff in July, 1901, in consequence of an alleged defect in Salem Street, in the defendant city.   At

the close of the plaintiff's evidence the presiding judge directed a verdict for the defendant, and the case is here on exceptions by the plaintiff to the ruling thus made.

Salem Street is a public way running east and west. At the time of the accident a street railway company was laying a track in the southerly half of the street and only the northerly half was open to travel. The street railway company had made an excavation from the centre of the street to the southerly curb. The excavation was from six inches to three feet deep and extended at least an eighth of a mile. The plaintiff had been over the road once before in the morning of the same day and knew of the existence of the trench. She was an experienced bicycle rider, and at the time of the accident was upon her bicycle going in an easterly direction to her home. She entered upon that part of the street that was open for travel, and after she had proceeded some distance met a team going in the opposite direction and loaded with furniture. She turned to the right to pass the team, being at the time quite near the excavation, and when opposite the horse realized that there was not room to pass on account of the overhanging of the load, and to save herself from being struck was obliged to go so near the line of the excavation that she fell into the excavation and received the injuries complained of. The accident happened at about 2.30 P. M., and at the place where it occurred the northerly half of the street which was open to travel was thirteen feet from the curb to the northerly rail of a street railway track already laid, four feet six inches from that to the other rail, and six inches from that to the edge of the excavation.

Assuming without deciding that in order to render the street reasonably safe and convenient the city was bound to erect a suitable barrier or railing along the line of the excavation, and also assuming that the plaintiff was rightfully upon that part of the street which was open to travel, and that her previous knowledge of the condition of the street was consistent with due care on her part in entering thereon, there was nothing in the circumstances to justify her in entering on her bicycle on that part of the street next or near to the excavation and continuing there till she found herself forced by the approaching team so near the excavation that in turning out she fell into it and received the

injuries complained of.  She could have stopped and have got off from her bicycle.  It also is to be noted that there was ample room for her to pass in safety between the team and the curbing on that side of the road, and there was nothing to prevent her from turning out and doing so.  We are forced to the conclusion that her own want of due care contributed to her injury.

*Exceptions overruled.*

*A. C. Fall,* for the plaintiff.

*J. Wiggin,* for the defendant.